# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:19-CR-91-TAV-DCP |
| JOSEPH HUNTER JACOBS, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 13, 2019, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue Trial, Pretrial Conference, and Plea Deadline [Doc. 12], filed August 6, 2019. Assistant United States Attorney Gretchen Mohr represented the Government. Attorney Christopher Rodgers represented Defendant Jacobs, who was also present.

In his motion, the Defendant asks the Court to continue the August 27, 2019 trial date and other pretrial deadlines, because counsel needs more time to complete his review of discovery and to explore plea negotiations with the Government. At the hearing, Mr. Rodgers stated that he believes this case may be able to be resolved. However, he observed that the Assistant United States Attorney in charge of this case has been out of town, and the parties have not been able to meet with regard to plea negotiations. Mr. Rodgers asked for additional time to permit them to

meet on this case. AUSA Mohr confirmed that the Government has no objection to the requested continuance. The parties agreed on a new trial date of January 7, 2020.

The Court finds the Defendant's motion to continue the trial is unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel has requested additional time to negotiate with the Government and to advise the Defendant with regard to a resolution of the pending charges. If plea negotiations are not successful, then counsel will need time to file any pretrial motions, if necessary, and to prepare the case for trial. The Court finds that all of this cannot take place in the two weeks before the August 27 trial date or in less than five months. Accordingly, the Court finds that requiring the parties to proceed to trial on August 27, 2019, would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion to continue the trial and other deadlines [**Doc. 12**] is **GRANTED**, and the trial of this matter is reset to **January 7, 2020**. The Court finds that all the time between the filing of the motion on August 6, 2019, and the new trial date of January 7, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **August 30, 2019**. Responses to motions are due on or before **September 13, 2019**. If any motions are filed, the undersigned will hold a hearing on those motions on **September 17, 2019, at 10:30 a.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is **December 3, 2019**. The Court instructs the parties that all motions *in limine* must be filed no later than **December 16, 2019**. Special requests for jury instructions shall be submitted

to the District Judge no later than **December 20, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Jacob's Motion to Continue Trial, Pretrial Conference, and Plea Deadline [**Doc. 12**] is **GRANTED**;

(2) The trial of this case is reset to commence on **January 7, 2020**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the Defendant's motion on **August 6, 2019**, and the new trial date of **January 7, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court set a new motion deadline of **August 30, 2019**;

(5) Responses to motions are due on or before **September 13, 2019**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **September 17, 2019, at 10:30 a.m.**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **December 3, 2019**;

(8) All motions *in limine* must be filed no later than **December 16, 2019**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **December 20, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge